UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------x

| | |
|---|---|
| DANY BATISTA, | ANSWER TO COMPLAINT |
| Plaintiff, | 15 Civ. 09649 (AT) (DB) |
| -against- | **JURY TRIAL DEMANDED** |
| LG CLEANERS, INC. (d/b/a LG CLEANERS & TAYLOR SHOP), LUIS GARCIA, and ORLANDO GARCIA, | |
| Defendants. | |

---------------------------------------------------------------------------x

Defendants L G Cleaners Inc. (s/h/a LG Cleaners, Inc.); Luis Garcia; and Orlando Garcia, by their attorneys, Law Office of Gregory P. Mouton, Jr., LLC, for their answer to Complaint herein, respectfully allege:

1. Deny the allegations set forth in paragraph "1" of the Complaint.

2. Admit the allegations set forth in paragraph "2" of the Complaint.

3. Paragraph "3" of the Complaint sets forth legal conclusions, rather than averments of fact, and, therefore, requires no response.

4. Paragraph "4" of the Complaint sets forth legal conclusions, rather than averments of fact, and, therefore, requires no response.

5. Deny the allegations set forth in paragraph "5" of the Complaint.

6. Deny the allegations set forth in paragraph "6" of the Complaint.

7. Deny the allegations set forth in paragraph "7" of the Complaint.

8. Deny the allegations set forth in paragraph "8" of the Complaint.

9. Deny the allegations set forth in paragraph "9" of the Complaint.

10. Deny the allegations set forth in paragraph "10" of the Complaint.

11. Deny the allegations set forth in paragraph "11" of the Complaint.

12. Deny the allegations set forth in paragraph "12" of the Complaint, except admit that Plaintiff purports to proceed as set forth therein.

13. Deny the allegations set forth in paragraph "13" of the Complaint, except admit that Plaintiff purports to proceed as set forth therein.

14. Deny the allegations set forth in paragraph "14" of the Complaint, except admit that Plaintiff purports to invoke this Court's jurisdiction as stated therein.

15. Deny the allegations set forth in paragraph "15" of the Complaint, except admit that Plaintiff purports to base venue in this district as stated therein.

16. Deny the allegations set forth in paragraph "16" of the Complaint, except deny knowledge and information sufficient to form a belief as to Plaintiff's residence.

17. Deny the allegations set forth in paragraph "17" of the Complaint.

18. Deny the allegations set forth in paragraph "18" of the Complaint, except admit that Plaintiff purports to proceed as set forth therein.

19. Admit the allegations set forth in paragraph "19" of the Complaint.

20. Admit the allegations set forth in paragraph "20" of the Complaint.

21. Admit the allegations set forth in paragraph "21" of the Complaint.

22. Paragraph "22" of the Complaint sets forth legal conclusions, rather than averments of fact, and, therefore, requires no response.

23. Deny the allegations set forth in paragraph "23" of the Complaint, except admit that Plaintiff purports to proceed as set forth therein.

24. Paragraph "24" of the Complaint sets forth legal conclusions, rather than averments of fact, and, therefore, requires no response.

25. Deny the allegations set forth in paragraph "25" of the Complaint.

26. Admit the allegations set forth in paragraph "26" of the Complaint.

27. Paragraph "27" of the Complaint sets forth legal conclusions, rather than averments of fact, and, therefore, requires no response.

28. Deny the allegations set forth in paragraph "28" of the Complaint.

29. Deny the allegations set forth in paragraph "29" of the Complaint.

30. Deny the allegations set forth in paragraph "30" of the Complaint.

31. Deny the allegations set forth in paragraph "31" of the Complaint.

32. Deny the allegations set forth in paragraph "32", and its subparts, of the Complaint.

33. Deny the allegations set forth in paragraph "33" of the Complaint.

34. Deny the allegations set forth in paragraph "34" of the Complaint.

35. Deny the allegations set forth in paragraph "35" of the Complaint.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the Complaint.

37. Deny the allegations set forth in paragraph "37" of the Complaint.

38. Deny the allegations set forth in paragraph "38" of the Complaint, except admit that Plaintiff purports to proceed as set forth therein.

39. Deny the allegations set forth in paragraph "39" of the Complaint.

40. Deny the allegations set forth in paragraph "40" of the Complaint.

41. Deny the allegations set forth in paragraph "41" of the Complaint.

42. Deny the allegations set forth in paragraph "42" of the Complaint.

43. Deny the allegations set forth in paragraph "43" of the Complaint.

44. Deny the allegations set forth in paragraph "44" of the Complaint.

45. Deny the allegations set forth in paragraph "45" of the Complaint.

46. Deny the allegations set forth in paragraph "46" of the Complaint.

47. Deny the allegations set forth in paragraph "47" of the Complaint.

48. Deny the allegations set forth in paragraph "48" of the Complaint.

49. Deny the allegations set forth in paragraph "49" of the Complaint.

50. Deny the allegations set forth in paragraph "50" of the Complaint.

51. Deny the allegations set forth in paragraph "51" of the Complaint.

52. Deny the allegations set forth in paragraph "52" of the Complaint.

53. Deny the allegations set forth in paragraph "53" of the Complaint.

54. Deny the allegations set forth in paragraph "54" of the Complaint.

55. Deny the allegations set forth in paragraph "55" of the Complaint.

56. Deny the allegations set forth in paragraph "56" of the Complaint.

57. Deny the allegations set forth in paragraph "57" of the Complaint.

58. Deny the allegations set forth in paragraph "58" of the Complaint.

59. Deny the allegations set forth in paragraph "59" of the Complaint.

60. Deny the allegations set forth in paragraph "60" of the Complaint.

61. Deny the allegations set forth in paragraph "61" of the Complaint.

62. Deny the allegations set forth in paragraph "62" of the Complaint.

63. Deny the allegations set forth in paragraph "63" of the Complaint.

64. Deny the allegations set forth in paragraph "64" of the Complaint.

65. Deny the allegations set forth in paragraph "65" of the Complaint.

66. Deny the allegations set forth in paragraph "66" of the Complaint, except admit that Plaintiff purports to proceed as set forth therein.

67. Deny the allegations set forth in paragraph "67" of the Complaint.

68. Deny the allegations set forth in paragraph "68" of the Complaint.

69. In response to the allegations set forth in paragraph "69" of the Complaint, Defendants L G Cleaners Inc., Luis Garcia, and Orlando Garcia repeat and reallege the responses set forth in the previous paragraphs as if fully set forth herein.

70. Deny the allegations set forth in paragraph "70" of the Complaint.

71. Deny the allegations set forth in paragraph "71" of the Complaint.

72. Paragraph "72" of the Complaint sets forth legal conclusions, rather than averments of fact, and, therefore, requires no response.

73. Paragraph "73" of the Complaint sets forth legal conclusions, rather than averments of fact, and, therefore, requires no response.

74. Deny the allegations set forth in paragraph "74" of the Complaint.

75. Deny the allegations set forth in paragraph "75" of the Complaint.

76. Deny the allegations set forth in paragraph "76" of the Complaint.

77. In response to the allegations set forth in paragraph "77" of the Complaint, Defendants L G Cleaners Inc., Luis Garcia, and Orlando Garcia repeat and reallege the responses set forth in the previous paragraphs as if fully set forth herein.

78. Deny the allegations set forth in paragraph "78" of the Complaint.

79. Deny the allegations set forth in paragraph "79" of the Complaint.

80. Deny the allegations set forth in paragraph "80" of the Complaint.

81. In response to the allegations set forth in paragraph "81" of the Complaint, Defendants L G Cleaners Inc., Luis Garcia, and Orlando Garcia repeat and reallege the responses set forth in the previous paragraphs as if fully set forth herein.

82. Deny the allegations set forth in paragraph "82" of the Complaint.

83. Deny the allegations set forth in paragraph "83" of the Complaint.

84. Deny the allegations set forth in paragraph "84" of the Complaint.

85. Deny the allegations set forth in paragraph "85" of the Complaint.

86. In response to the allegations set forth in paragraph "86" of the Complaint, Defendants L G Cleaners Inc., Luis Garcia, and Orlando Garcia repeat and reallege the responses set forth in the previous paragraphs as if fully set forth herein.

87. Deny the allegations set forth in paragraph "87" of the Complaint.

88. Deny the allegations set forth in paragraph "88" of the Complaint.

89. Deny the allegations set forth in paragraph "89" of the Complaint.

90. In response to the allegations set forth in paragraph "90" of the Complaint, Defendants L G Cleaners Inc., Luis Garcia, and Orlando Garcia repeat and reallege the responses set forth in the previous paragraphs as if fully set forth herein.

91. Deny the allegations set forth in paragraph "91" of the Complaint.

92. Deny the allegations set forth in paragraph "92" of the Complaint.

93. Deny the allegations set forth in paragraph "93" of the Complaint.

94. In response to the allegations set forth in paragraph "94" of the Complaint, Defendants L G Cleaners Inc., Luis Garcia, and Orlando Garcia repeat and reallege the responses set forth in the previous paragraphs as if fully set forth herein.

95. Deny the allegations set forth in paragraph "95" of the Complaint.

96. Deny the allegations set forth in paragraph "96" of the Complaint.

97. In response to the allegations set forth in paragraph "97" of the Complaint, Defendants L G Cleaners Inc., Luis Garcia, and Orlando Garcia repeat and reallege the responses set forth in the previous paragraphs as if fully set forth herein.

98. Deny the allegations set forth in paragraph "98" of the Complaint.

99. Deny the allegations set forth in paragraph "99" of the Complaint.

100. In response to the allegations set forth in paragraph "100" of the Complaint, Defendants L G Cleaners Inc., Luis Garcia, and Orlando Garcia repeat and reallege the responses set forth in the previous paragraphs as if fully set forth herein.

101. Deny the allegations set forth in paragraph "101" of the Complaint.

102. Deny the allegations set forth in paragraph "102" of the Complaint.

103. Deny the allegations set forth in paragraph "103" of the Complaint.

FIRST AFFIRMATIVE DEFENSE

104. The Complaint, and each claim purported to be alleged therein, fails to state a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

105. The Complaint, and each claim purported to be alleged therein, is barred, in whole or in part, by the applicable statute of limitations, including, but not limited to, 29 U.S.C. § 255.

THIRD AFFIRMATIVE DEFENSE

106.	The Complaint, and each claim purported to be alleged therein, is barred, in whole or in part, by the equitable doctrine of laches, unclean hands, waiver, and/or avoidable consequences.

FOURTH AFFIRMATIVE DEFENSE

107.	At all times material hereto, the actions of Defendants L G Cleaners Inc., Luis Garcia, and Orlando Garcia were not employers justified under the circumstances, and at all times hereto Defendants L G Cleaners Inc., Luis Garcia, and Orlando Garcia acted in a manner that was proper, reasonable, and lawful and in the exercise of good faith.

FIFTH AFFIRMATIVE DEFENSE

108.	The Complaint fails to state a claim upon which relief consisting of compensatory or liquidated damages or any other damages, interests, costs, or fees allowed by applicable law may be granted.

SIXTH AFFIRMATIVE DEFENSE

109.	Plaintiff is precluded from recovering any amounts from Defendants L G Cleaners Inc., Luis Garcia, and Orlando Garcia where Defendants L G Cleaners Inc., Luis Garcia, and Orlando Garcia have paid Plaintiff all sums legally due under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, the New York Minimum Wage Act, N.Y. Labor Law §§ 650 *et seq.*, Article 6 of the New York Labor Law, N.Y. Labor Law §§ 190 *et seq.*, and all of their implementing regulations (collectively "Applicable Law").

### SEVENTH AFFIRMATIVE DEFENSE

110.    Plaintiff is precluded from recovering any amounts from Defendants L G Cleaners Inc., Luis Garcia, and Orlando Garcia for failure to pay compensation for hours worked because such time was worked without manager knowledge or approval.

### EIGHTH AFFIRMATIVE DEFENSE

111.    The Court should not exercise supplemental jurisdiction over the counts in the Complaint that purport to arise under the New York Labor Law.

### NINTH AFFIRMATIVE DEFENSE

112.    Plaintiff has been paid in accordance with the Applicable Law and all applicable agreements.

### TENTH AFFIRMATIVE DEFENSE

113.    At no time did Defendants L G Cleaners Inc., Luis Garcia, and Orlando Garcia act in a willful, wanton, reckless, and/or malicious manner, or with reckless disregard of the Applicable Law.

### ELEVENTH AFFIRMATIVE DEFENSE

114.    Plaintiff's claims are barred, in whole or in part, by the provisions of Section 10 of the Portal-to-Portal Act, 27 U.S.C. § 259, because actions taken in connection with Plaintiff's compensation was done in good faith in conformity with and reliance upon written administrative regulations; orders; rulings; approvals; interpretations; and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

### TWELFTH AFFIRMATIVE DEFENSE

115. Defendants L G Cleaners Inc., Luis Garcia, and Orlando Garcia were not employers of Plaintiff.

### THIRTEENTH AFFIRMATIVE DEFENSE

116. Plaintiff's claims for liquidated damages are barred in whole or in part because all actions taken by Defendants L G Cleaners Inc., Luis Garcia, and Orlando Garcia were undertaken in good faith and with reasonable grounds for believing such actions were not in violation of the Applicable Law.

### FOURTEENTH AFFIRMATIVE DEFENSE

117. Plaintiff fails to state a claim upon which prejudgment interest may be granted.

### FIFTEENTH AFFIRMATIVE DEFENSE

118. Plaintiff's claims are barred or should be reduced, in whole or in part, by exclusions, exceptions, credits, recoupment, or offsets permissible under the Applicable Law.

### SIXTEENTH AFFIRMATIVE DEFENSE

119. Plaintiff was not an employee as set forth under the Fair Labor Standards Act.

### SEVENTEENTH AFFIRMATIVE DEFENSE

120. Plaintiff's claims are barred, in whole or in part, by the doctrine of *de minimus non curat lex*.

### EIGHTEENTH AFFIRMATIVE DEFENSE

121. Defendants L G Cleaners Inc., Luis Garcia, and Orlando Garcia were not employers as set forth under the Fair Labor Standards Act.

### NINETEENTH AFFIRMATIVE DEFENSE

122. Plaintiff was not an employee engaged in commerce or the production of goods for commerce.

### TWENTIETH AFFIRMATIVE DEFENSE

123. Defendants L G Cleaners Inc., Luis Garcia, and Orlando Garcia are not an "enterprise engaged in commerce or in the production of goods" under 29 U.S.C. § 203(s)(1) in that any enterprise had gross annual sales less than $500,000.00.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

124. Plaintiff's claims are barred, in whole or in part, to the extent that some or all of the disputed time is not compensable pursuant to the provisions of the Portal-to-Portal Act of 1947 and/or New York law.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

125. To the extent Plaintiff is and putative and/or class action members have received other benefits and/or awards attributable to an injury for which they seek compensation in this case, such benefits and/or awards should offset, in whole or in part, any award they receive here for the same injury.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

126. With respect to some or all of the claims brought or allegedly brought by Plaintiff on behlaf of himself and/or o behalf of any putative class or collective action, Defendants L G Cleaners Inc., Luis Garcia, and Orlando Garcia affirmatively plead that any act(s) and/or omission(s) that may be found to be in violation of the rights afforded by applicable law were not

willful but occurred in good faith and with reasonable grounds for believing that it was in complete compliance with applicable law.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

127.   Plaintiff is not entitled to liquidated damages under 29 U.S.C. § 260 because: (1) at all times relevant and material herein, Defendants L G Cleaners Inc., Luis Garcia, and Orlando Garcia and all of their officers, directors, managers, and agents acted in good faith, did not commit any willful violation of the Applicable Law, and had reasonable grounds for believing that they did not violate the provisions of the Applicable Law; (2) Defendants L G Cleaners Inc., Luis Garcia, and Orlando Garcia and all of their officers, directors, managers, and agents did not authorize any willful violation of the Applicable Law with respect to Plaintiff or any alleged member of any purposed class or collective action, the existence of which Defendants L G Cleaners Inc., Luis Garcia, and Orlando Garcia affirmatively deny; and (3) Plaintiff has failed to plead facts sufficient to support recovery of such damages.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

128.   Plaintiff's and/or the putative class members' claims are barred, in whole or in part, by the doctrine of res judicata and/or collateral estoppel.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

129.   This action may not be maintained as a collective or class action under 29 U.S.C. § 216(b) because, *inter alia*, the named Plaintiff is not similarly situated to, or otherwise adequate representative of, the persons whom Plaintiff purports to represent.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

130. This action may not be maintained as a collective or class action because the facts and law common to the case, if any, are insignificant compared to the individual facts and issues particular to Plaintiff and the purported collective action matters.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

131. Plaintiff cannot maintain a collective or class action because it cannot be demonstrated that a collective or class action is superior to other methods available for adjudication of any controversy.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

132. Plaintiff cannot establish or satisfy the requirements for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure and, therefore, the class certification allegations of the Complaint should be stricken and dismissed.

### THIRTIETH AFFIRMATIVE DEFENSE

133. Defendants L G Cleaners Inc., Luis Garcia, and Orlando Garcia assert all affirmative defenses provided by Section 195 of the New York Labor Law and all statutory affirmative defenses to New York State record keeping requirements.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

134. In addition to the foregoing defenses, Defendants L G Cleaners Inc., Luis Garcia, and Orlando Garcia retain the right to amend this answer to raise additional affirmative and other defenses, or pursue any available counterclaims against Plaintiff or any putative class member who joins this action as those claims become known during the course of the litigation.

WHEREFORE, having fully answered and responded to the allegations of the Complaint, Defendants L G Cleaners Inc., Luis Garcia, and Orlando Garcia respectfully request:

A. Plaintiff's individual claims be dismissed with prejudice in their entirety;

B. Collective and/or class action status be denied or, in the alternative, that all collective and/or class claims be dismissed with prejudice;

C. Each and every request for relief in the Complaint be denied;

D. Judgment be entered against Plaintiff and for Defendants L G Cleaners Inc., Luis Garcia, and Orlando Garcia;

E. Defendants L G Cleaners Inc., Luis Garcia, and Orlando Garcia be awarded their costs, including reasonable attorneys' fees and expenses in an amount and manner permitted by applicable law; and

F. Defendants L G Cleaners Inc., Luis Garcia, and Orlando Garcia be granted such other and further relief as this Court may deem just and proper.

Dated: New York, New York
January 11, 2016

By: /s/
Gregory P. Mouton, Jr., Esq.
Law Office of Gregory P. Mouton, Jr., LLC
*Attorneys for Defendants L G Cleaners Inc., Luis Garcia, and Orlando Garcia*
305 Broadway, 14th Floor
New York, NY  10007
Phone & Fax: (646) 706-7481

To:

Michael Faillace & Associates, P.C. (via ECF)
*Attorneys for Plaintiff*
60 East 42nd Street, Suite 2540
New York, NY  10165

15 Civ. 09649 (AT) (DB)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANY BATISTA,

Plaintiff,

-against-

LG CLEANERS, INC. (d/b/a LG CLEANERS & TAYLOR SHOP), LUIS GARCIA, and ORLANDO GARCIA,

Defendants.

ANSWER TO COMPLAINT



**LAW OFFICE OF GREGORY P. MOUTON, JR., LLC**
Gregory P. Mouton, Jr., Esq., *Principal*
305 Broadway, 14th Floor
New York, NY  10007
Phone & Fax: (646) 706-7481