# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, Suite 2540            Telephone: (212) 317-1200
New York, New York 10165            Facsimile: (212) 317-1620
_____

rgutierrez@faillacelaw.com

February 12, 2016

**Via ECF**

Honorable Analisa Torres
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

        Re:    *Batista, v. LG Cleaners, Inc., et al.,*
                 *et al.; S.D.N.Y., 15-cv-09649 (AT)*

Dear Judge Torres:

      We represent Plaintiff Dany Batista ("Plaintiff") in the above referenced matter and write jointly with defense counsel to comply with your December 14, 2015 order requiring the submission of this joint letter prior to our Initial Conference, which is set for February 17, 2015 at 4:30 PM.

**I.    A BRIEF DESCRIPTION OF THE CASE, INCLUDING THE FACTUAL AND LEGAL BASES FOR THE CLAIM(S) AND DEFENSE(S)**

*a.   Plaintiff's contentions*

      Plaintiff contends that he was employed by Defendants to work at a full service laundry and dry cleaning service operating under the name LG Cleaners & Taylor Shop located at 110 West 168 Street, Bronx, New York 10452. Plaintiff alleges Defendants maintained a policy and practice of requiring the Plaintiff (and upon information and belief, other employees) to work in excess of forty hours per week without paying him the minimum wage and overtime compensation required by federal and state laws.

      Plaintiff was employed by Defendants from approximately April 2011 until on or about August, 2015. He regularly worked approximately 65 hours per week, and was paid a salary of approximately $300 per week throughout the course of his employment. As such, he was paid below minimum wage and was not paid overtime. Moreover, Defendants failed to give Plaintiff the required annual notice of wages, and failed to provide him with a wage statement upon payment of his weekly wages under NYLL §195.

      Plaintiff therefore brings this action to recover unpaid minimum and overtime wages, liquidated damages, interest, attorneys fees, and costs pursuant to The Fair Labor Standards Act of 1938, 29 U.S.C. 201 *et seq.* ( FLSA , the New York Minimum Wage Act, N.Y. Lab. Law 650

*Certified as a minority-owned business in the State of New York*

*et seq.*, and the spread of hours wage order of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, 146-1.6 (herein the Spread of Hours Wage Order).

### b.    *Defendants' contentions*

Defendants contend that Plaintiff was an independent contractor who floated from dry cleaner to dry cleaner each day providing clothes pressing services for dry cleaners in the Bronx. At no time was Plaintiff Defendants' employee.

Upon information and belief, Plaintiff began providing pressing services for L G Cleaners Inc. in May 2013. Throughout the entire period of providing pressing services for L G Cleaners Inc., Plaintiff has provided pressing services for other businesses including, but not limited to, Pride Cleaners; Amelia Cleaners, Inc.; and Junior Dry Cleaners.

The claims regarding the hours worked by Plaintiff are belied by several things. First, the sheer number of businesses Plaintiff provided pressing services to would have made it impossible for him to have worked for L G Cleaners, Inc. 65 hours/week.

Second, Defendants have numerous witnesses that will testify as to not only the hours L G Cleaners, Inc. operated, but the days and times Plaintiff would provide services to L G Cleaners, Inc. While Plaintiff alleges that he began work at 4:00 a.m., it would have been impossible as L G Cleaner did and does not begin operations until 7:00 a.m. Upon information and belief, Plaintiff would typically provide pressing services from 8:30/9:00 a.m. until noon.

Third, Defendants' records related to its clothes pressing services will show that, on average, only around 7-8 garments were pressed on any given day. Given that it takes approximately 2-3 minutes to press a garment, Plaintiff's claims of working 65 hours per week are completely false.

Defendants were not employers under the laws cited by Plaintiff. Even assuming, *arguendo*, that they were, Defendants will be able to establish that Plaintiff was paid more than the minimum wage and is not entitled to overtime compensation.

### II.    CONTEMPLATED MOTIONS

Plaintiff does not anticipate motion practice at this time.

### III.    PROSPECT FOR SETTLEMENT

Defendants served an Offer of Judgment pursuant to FRCP Rule 68 on Defendant on January 13, 2016. Said offer was not accepted.

At this point, the parties have not engaged in settlement negotiations and cannot accurately state the prospect for settlement. Once the parties have exchange some initial discovery, we will attempt to engage in settlement discussions.

March 19, 2014
Page 3

      We thank the Court for its attention to this matter and the opportunity to further discuss the discovery schedule at the initial conference.

      The parties' proposed Case management Plan and Scheduling Order is submitted herewith.

                                                      Respectfully Submitted,

                                                      /s/ Raquel A. Gutiérrez
                                                      Raquel A. Gutiérrez

Enclosure: Proposed Case Management Plan and Scheduling Order

cc:     Gregory Mouton, Esq. (via ECF)